IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CV-111-BO

| | |
|---|---|
| CHERYL ANN THOMAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| ANDREW SAUL ) | |
| *Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 20, 27]. The motions have been fully briefed and are ripe for disposition. A hearing on this matter was held at Elizabeth City, North Carolina on September 13, 2019. For the reasons discussed below, plaintiff's motion for judgment on the pleadings [DE 20] is GRANTED and defendant's motion [DE 27] is DENIED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for a period of disability and disability insurance benefits and supplemental security income. Plaintiff applied for benefits back in November 2011. These initial applications were denied, and she received a hearing in front of an Administrative Law Judge (ALJ) in October 2013, who issued an unfavorable ruling. This ALJ ruling was remanded by Magistrate Judge Kimberly Swank in September 2016. A second hearing in front of the ALJ was held in June 2017, leading to a second unfavorable decision in November

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

2017. This decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can

2

be made at any step of the process the inquiry ceases. See 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

Here, the ALJ determined at step two that plaintiff had severe impairments of bipolar/schizoaffective disorder, degenerative disc disease, and osteoarthritis in the left shoulder and both knees. The ALJ determined that she did not meet any Listings at step three, and at step four, concluded she had an RFC to perform light work with additional non-exertional limitations and could not return to her past relevant work. But at step five, the ALJ determined that there were jobs in the national economy she could perform despite her impairments and therefore she was not disabled.

Plaintiff argues that the ALJ erred in (1) ignoring Judge Swank's instructions and repeating the same errors as the first decision; (2) improperly discounting the opinions of the medical

3

professionals; and (3) failing to properly consider the Listing at step three. The Court finds that, at least in regard to plaintiff's second argument, the ALJ committed reversible error.

The ALJ improperly rejected the opinions of the medical professionals who examined plaintiff and diagnosed her mental limitations, and his decision is not supported by substantial evidence. The ALJ gave little weight to the opinions of Dr. Linda Graham, a treating psychiatrist who saw plaintiff multiple times, and Dr. Antonio Puente, who performed a psychological evaluation of the plaintiff. Dr. Linda Graham diagnosed plaintiff with Bipolar II and Schizoaffective disorders. Dr. Graham indicated plaintiff was "markedly limited" in most areas of social interaction and adaption, including the ability to accept instructions, respond appropriately to criticism from supervisors, the ability to maintain socially appropriate behavior, and the ability to respond to changes in the work setting. Dr. Graham concluded plaintiff could not return to full time employment. [Tr. 825]. Dr. Puente's evaluation supports Dr. Graham's opinion. He administered a Beck Depression Scale II test, and plaintiff tested as being significantly impaired. [Tr. 791]. Dr. Puente concluded she would "disintegrate under pressure." [Tr. 791]. Furthermore, Stephen Bower, MSW-LCSW, who was plaintiff's treating therapist, confirmed the diagnosis for plaintiff's Bipolar II Disorder and major depressive disorder, stating that plaintiff "has not demonstrated an ability to regulate her affect in more challenging occupational and social settings." [Tr. 913].

In deciding whether a claimant is disabled, an ALJ must always consider the medical opinions in the case record together with the rest of the relevant evidence received. 20 C.F.R. §§ 404.1527(a)(2)(b), 416.927(a)(2)(b). Here, the ALJ repeatedly discounted the conclusions of Dr. Graham and Dr. Puente on reed-thin justifications while citing to no medical evidence in the record that undercut their findings. For example, the ALJ seemed to discount Dr. Graham's medical

4

source statement, calling into question its credibility, by speculating that Dr. Graham had only seen plaintiff two or three times before issuing the statement. [Tr. 951]. He also questioned Dr. Graham's note of plaintiff's compliance with taking her medication using the same justification already rejected by Judge Swank. [Tr. 951]. He refused to credit Dr. Puente's assessment on the grounds that he lacked a "longitudinal treating relationship" with the plaintiff and contended that Dr. Puente's conclusions were unsupported by the medical evidence. But the ALJ neither cited to nor detailed medical evidence in the record that undercut Dr. Puente's conclusions. It certainly was not the opinions of Dr. Graham and Mr. Bower, which are consistent with Dr. Puente. An ALJ cannot simply ignore medical evidence pointing to a finding of disability. *See Lewis v. Berryhill*, 858 F.3d 858, 869 (4th Cir. 2017). On the basis of this significant defect, the Court finds the ALJ's decision was not supported by substantial evidence. Having found reversible error, there is no need to consider plaintiff's remaining arguments.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the record before this Court properly supports a finding that defendant has failed to satisfy his burden to show plaintiff can perform work in the national economy. Accordingly, there is nothing to be gained from remanding this matter for further consideration and reversal for an award of benefits is appropriate.

## CONCLUSION

Having conducted a full review of the record and the decision in this matter, the Court concludes that reversal is appropriate. Accordingly, plaintiff's motion for judgment on the pleadings [DE 20] is GRANTED and defendant's motion [DE 27] is DENIED. The decision of the ALJ is REVERSED and the matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this 21 day of September, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE